| THE IOWA STATE BAR ASSOCIATION<br>Official Form No. 301 | Heather L. Carlson | FOR THE LEGAL EFFECT OF THE USE OF<br>THIS FORM, CONSULT YOUR LAWYER |
| --- | --- | --- |

# THE IOWA DISTRICT COURT

_____ HENRY _____ COUNTY

J. ANNA BIRCH

Plaintiff(s),

VS.

VEYANCE TECHNOLOGIES, INC. and STACIE BARTON

Defendant(s).

LAW ☒

EQUITY ☐   No. LALA011730

DATE PETITION FILED: 1/31/14

## ORIGINAL NOTICE

TO THE ABOVE-NAMED DEFENDANT(S):

You are notified that a petition has been filed in the office of the clerk of this court naming you as the defendant(s) in this action. A copy of the petition (and any documents filed with it) is attached to this notice. The name(s) and address(es) of the attorney(s) for the plaintiff(s) (is) (are)

Heather L. Carlson, McDonald, Woodward & Carlson, P.C., 3432 Jersey Ridge Road, Davenport, Iowa 52807

The attorney's(s') phone number(s) (is) (are) (563) 355-6478

facsimile number(s) (563) 355-1354

You must serve a motion or answer within 20 days after service of this original notice upon you, and within a reasonable time thereafter, file your motion or answer with the Clerk of Court for Henry

_____ County, at the county courthouse in Mount Pleasant

Iowa. If you do not, judgment by default may be rendered against you for the relief demanded in the petition.

If you need assistance to participate in court due to a disability, call the disability coordinator at (641) 684-6502 _____. Persons who are hearing or speech impaired may call Relay Iowa TTY (1-800-735-2942). Disability coordinators cannot provide legal advice.

(SEAL)

CLERK OF COURT

Henry _____ County Courthouse

Mount Pleasant _____, Iowa 52641

IMPORTANT: YOU ARE ADVISED TO SEEK LEGAL ADVICE AT ONCE TO PROTECT YOUR INTERESTS

© The Iowa State Bar Association 2003<br>IOWADOCS®

301 ORIGINAL NOTICE FOR PERSONAL SERVICE<br>Revised May 2012

EXHIBIT

A

tabbies®

IN THE IOWA DISTRICT COURT IN AND FOR HENRY COUNTY

J. ANNA BIRCH,                               )
                                             )      Case No. LALA017730
              Plaintiff,                     )
                                             )
vs.                                          )
                                             )      **PETITION AT LAW AND**
VEYANCE TECHNOLOGIES, INC.                   )      **JURY DEMAND**
and STACIE BARTON,                           )
                                             )
              Defendants.                    )

FILED 2014 JAN 31 AM 9:54 CLERK OF DISTRICT COURT HENRY COUNTY, IOWA

COMES NOW plaintiff, J. Anna Birch, by and through her attorneys, McDonald, Woodward & Carlson, P.C., and for her Petition at Law and Jury Demand states as follows:

1.     Plaintiff, J. Anna Birch, is a citizen and resident of New London, Henry County, Iowa.

2.     Defendant Veyance Technologies, Inc., (hereinafter "Veyance") is a corporation incorporated under the laws of the State of Delaware authorized to do business in the State of Iowa with its corporate headquarters in Fairlawn, Ohio. Veyance manufactures and markets engineered rubber products with over 30 manufacturing plants worldwide including a manufacturing plant in Mount Pleasant, Iowa.

3.     Upon information and belief, defendant Stacie Barton is a citizen and resident of Mt. Pleasant, Iowa.

4.     At all material times, Stacie Barton was the human resources manager at Veyance and she acted within the scope of her employment relationship with Veyance.

5.     On approximately June 16, 2006, plaintiff, J. Anna Birch, was hired by Veyance to work as a Finish Operator and later as a Middle Specialist. J. Anna Birch worked on a continuously rotating swing shift schedule where she worked, for example, two 6:00 a.m. until 6:00 p.m. shifts on Monday and Tuesday, with Wednesday and Thursday off from work,

1

followed by three 6:00 p.m. to 6:00 a.m. shifts on Friday, Saturday and Sunday, with Monday and Tuesday off from work.

6.      J. Anna Birch held her position at the Veyance manufacturing plant in Mount Pleasant, Henry County, Iowa from June 16, 2006 until February 22, 2013.

7.      During J. Anna Birch's tenure at Veyance, she became a Finish and Middle Operator Trainer.

8.      In September of 2011, J. Anna Birch had an on-set of symptoms of fibromyalgia and chronic fatigue syndrome.  On or about November 8, 2011, J. Anna Birch was diagnosed with fibromyalgia and chronic fatigue syndrome.  J. Anna Birch's physician placed her on a leave of absence through approximately May, 2012.

9.      When J. Anna Birch returned to work, she contacted the human resources manager, Stacie Barton, at the Mount Pleasant, Iowa Veyance manufacturing plant to request an accommodation due to her disability. More specifically, J. Anna Birch requested that she be returned to her former position at the Mount Pleasant, Henry County, Iowa, Veyance manufacturing plant but with temporarily shortened shifts.

10.     Stacie Barton denied J. Anna Birch's request for a temporary accommodation and stated that it was against Veyance's policy to permit an employee to work shortened shifts.

11.     J. Anna Birch used her accrued vacation time to return to work with shortened shifts.

12.     In or around June, 2012, upon information and belief, Veyance granted a temporary shortened shift accommodation to at least two other Veyance employees at the Mount Pleasant manufacturing plant. However, Ms. Birch did not receive an accommodation.

13.    In or around August, 2012, at the urging of her physician J. Anna Birch requested an accommodation of a straight day shift schedule and to work on a single line.

14.    In response, Stacie Barton stated that it was J. Anna Birch's responsibility to find another employee to trade shifts with her pursuant to Veyance's Shift Trade Policy.

15.    When J. Anna Birch did find another employee who would be eligible to trade shifts with her pursuant to Veyance's Shift Trade Policy, and she advised Stacie Barton of the same, Stacie Barton asked J. Anna Birch to wait until January, 2013, when the employee who was willing to trade with J. Anna Birch would reach Level 11.  This was contrary to the Shift Trade Policy.  Further, Stacie Barton denied subsequent requests by J. Anna Birch to find a reasonable accommodation on a weekly basis thereafter.

16.    On or about August 17, 2012, J. Anna Birch received a "verbal coaching," a form of discipline, from Stacie Barton for excessive absenteeism.

17.    On or about October 31, 2012, J. Anna Birch saw her primary care physician for left shoulder pain and a "deterioration of fibromyalgia."

18.    When J. Anna Birch returned to work on November 9, 2012, she received and was asked to sign two documents dated November 6, 2012, that represented Step 1 and Step 2 disciplinary actions taken by Veyance against her for alleged violations of Veyance's attendance policy.

19.    In addition, J. Anna Birch was required to submit a Letter of Commitment to Veyance pursuant to Veyance's instructions, including acknowledgment that any further "performance issue" may result in further disciplinary action, up to and including termination.

3

20. On November 12, 2012, J. Anna Birch went with her Safety Manager Emily Petrzelka to be seen by Dr. Milani, at Great River Business Health, with regard to her shoulder problems and was released to work without any restrictions or additional treatments.

21. After November 12, 2012, Safety Manager Emily Petrzelka stated that she would speak with Stacie Barton to request that J. Anna Birch receive an accommodation that would permit her to keep the same job duties on a day shift schedule to help prevent fibromyalgia flare-ups per the information Emily Petrzelka and J. Anna Birch obtained from Dr. Milani. J. Anna Birch also relayed this information to Stacie Barton in support of a request for an accommodation.

22. Again, Stacie Barton denied J. Anna Birch's accommodation request stating that it would be unfair to fellow employees.

23. By February, 2013, J. Anna Birch experienced increased severity and frequency of fibromyalgia flare-ups with worsening symptoms and was off work from February 2, 2013 to March 1, 2013 pursuant to her physician's orders.

24. On or about February 21, 2013, Stacie Barton called J. Anna Birch to inform her that her request for FMLA leave was denied and that her employment was being terminated for absenteeism. Further, J. Anna Birch was advised by Stacie Barton that she was denied short-term disability benefits under her Veyance sponsored policy which was subsequently approved on or about March 8, 2013.

25. On or about February 22, 2013, J. Anna Birch contacted Stacie Barton via e-mail and informed her that she believed that her employment was being terminated due to her disability.

4

26.     On February 22, 2013, at or around 1:30 p.m., Stacie Barton phoned J. Anna Birch and offered her a position working straight night shifts. When J. Anna Birch stated that her doctor recommended an accommodation working straight day shifts and that she needed to consult him about Stacie Barton's offer, Ms. Barton stated that her offer would expire in one-hour and if it was not accepted then J. Anna Birch's employment would be re-terminated.

27.     After J. Anna Birch spoke to her physician, she phoned Stacie Barton and stated that working straight night shifts would not help her fibromyalgia flare-ups. When J. Anna Birch asked Stacie Barton whether she was terminated again, Ms. Barton said that J. Anna Birch would be terminated if she did not accept a straight night shift accommodation.

28.     J. Anna Birch was not required to accept the take-it-or-leave-it offer made to her on February 22, 2013 when her employment was re-terminated.

29.     J. Anna Birch timely filed a complaint regarding the matters stated herein with the Iowa Civil Rights Commission that cross-filed the complaint with the Equal Employment Opportunity Commission. She has requested and received an administrative release from each agency via the Iowa Civil Rights Commission, attached hereto as Exhibit 1. J. Anna Birch filed this Petition and Jury Demand within ninety days of receiving such "right-to-sue" letter.

## COUNT I
## DISABILITY DISCRIMINATION IN VIOLATION OF
## IOWA CODE CHAPTER 216 AND THE AMERICANS WITH
## DISABILITIES ACT

30.     Plaintiff incorporates paragraphs 1 through 29 as if fully set forth herein.

31.     At all times material hereto, defendant Veyance was an "employer" as defined by 29 U.S.C. 630(b), 42 U.S.C. 12111(5) and Iowa Code Chapter 216 *et seq.*

5

32.   At all times material hereto, J. Anna Birch was an "employee" within the definition of 29 U.S.C. 630(f) and Iowa Code Chapter 216 *et seq.* and a qualified individual with a disability within the definition of 42 U.S.C. 12111(8) and Iowa Code Chapter 216 *et seq.*

33.   Defendants failure to accommodate J. Anna Birch, issuing warnings to J. Anna Birch, failing to engage in an interactive process to determine reasonable accommodations and terminating J. Anna Birch's employment because of her physical disabilities constituted illegal discrimination against a qualified individual with a disability and therefore violated 42 U.S.C. 12112 and Iowa Code Chapter 216 *et seq.*

34.   Defendants failed to accommodate Ms. Birch's disability in violation of Chapter 216 *et seq.* Code of Iowa (2006) and 42 U.S.C. § 12101 *et seq.*

35.   As a proximate result of defendants' acts, J. Anna Birch has in the past and will in the future suffer mental and emotional harm and anguish, humiliation, embarrassment, anxiety, fear, inconvenience, loss of enjoyment of life, despair, dejection, discouragement, degradation, disgrace, aggravation, uncertainty, apprehensiveness, exasperation, grief, despondency, restlessness, confusion, dismay, tension and unease, and has in the past and will in the future suffer loss of wages and benefits, loss of earning capacity and other emoluments of employment.

36.   Defendants' failure and refusal to accommodate J. Anna Birch's disability, warning J. Anna Birch and terminating J. Anna Birch's employment because of her physical disabilities, was intentional or in reckless disregard of J. Anna Birch's rights and thereby gives rise to punitive damages as provided by law.

WHEREFORE plaintiff requests judgment against defendants in an amount which will fully and fairly compensate her for her injuries and damages, for interest as allowed by law, for attorney's fees, for the costs of this action and for such other relief as may be just in the

circumstances and consistent with the purpose of the Iowa Civil Rights Act, Iowa Code § 216 and the Americans with Disabilities Act.

## COUNT II
## RETALIATION IN VIOLATION OF 42 U.S.C. § 2000e et seq. and IOWA CODE CHAPTER 216

37.     Plaintiff incorporates paragraphs 1 through 36 as if fully set forth herein.

38.     J. Anna Birch engaged in protected activities, including, but not limited to, requesting reasonable accommodations for her disability and requesting that defendants engage in an interactive process to determine reasonable accommodations.

39.     Because of J. Anna Birch's opposition to defendants' unlawful employment practice, J. Anna Birch was warned and terminated.

40.     Defendants' violation of J. Anna Birch's rights was intentional or in reckless disregard of J. Anna Birch's rights and thereby gives rise to punitive damages as provided by law.

41.     As a proximate result of defendants' acts, J. Anna Birch has in the past and will in the future suffer mental and emotional harm and anguish, humiliation, embarrassment, anxiety, fear, inconvenience, loss of enjoyment of life, despair, dejection, discouragement, degradation, disgrace, aggravation, uncertainty, apprehensiveness, exasperation, grief, despondency, restlessness, confusion, dismay, tension and unease, and has in the past and will in the future suffer loss of wages and benefits, loss of earning capacity and other emoluments of employment.

WHEREFORE plaintiff requests judgment against defendants in an amount which will fully and fairly compensate her for her injuries and damages, and for interest, attorney's fees and costs as allowed by law.

## JURY DEMAND

Plaintiff demands a trial by jury as to all counts.

McDONALD, WOODWARD & CARLSON, P.C.

By _____

Heather L. Carlson     AT0001332

3432 Jersey Ridge Road
Davenport, Iowa 52807
Telephone: 563/355-6478
Facsimile: 563/355-1354
E-mail: hcarlson@mwilawyers.com

ATTORNEYS FOR PLAINTIFF

8

Administrative Release
(Letter of Right-To-Sue)

| To: | From: |
|---|---|
| MS. J.ANNA BIRCH<br>2917 QUAKER AVE<br>NEW LONDON, IA 52645 | ) <br> ) <br> ) Iowa Civil Rights Commission <br> ) Grimes State Office Building <br> ) 400 E. 14th Street <br> ) Des Moines, Iowa 50319 |
| Complaint CP# 03-13-63906 | EEOC# 26A-2013-00509C |

This is your Administrative Release (Right-To-Sue) Letter issued pursuant to Iowa Code Section 216.16 and 161 Iowa Administrative Code Section 3.10. It is issued pursuant to the Complainant's request.

The following conditions have been met:

1. The complaint was timely filed with the Iowa Civil Rights Commission (ICRC) as provided in Iowa Code Section 216.15(12);

2. Sixty (60) days have expired since the complaint was filed with ICRC;

3. None of the exceptions set forth in Administrative Rule 161 – 3.10(4) are applicable.

With this Administrative Release, the Complainant has the right to commence an action in district court. That action must be commenced within ninety (90) days of the issue date **11/7/2013**. *The Right-to-Sue Letter is not a finding by ICRC on the merits of the charge. ICRC will take no further actions in this matter.*

A copy of this Administrative Release/Letter of Right-To-Sue has been sent to the Respondent(s) and counsel(s) as shown below. The Code allows any party to obtain a complete copy of the case file after a Right-To-Sue has been issued. Requests for copies should be directed to Annette Flaherty at ICRC..

The Iowa Civil Rights Commission
Phone: (515) 281-4121
FAX: (515) 242-5840

cc: File
    HEATHER L. CARLSON, Complainant's Attorney
    MATTHEW R. KISSLING, Respondent's Attorney
    ERIC S. CLARK, Respondent's Attorney
    VEYANCE TECHNOLOGIES, INC
    STACIE BARTON
    VEYANCE TECHNOLOGIES, INC

EXHIBIT A

ICRC/S36 (24)

NOV 1 1 2013

IN THE IOWA DISTRICT COURT IN AND FOR HENRY COUNTY

J. ANNA BIRCH,                              )
                                            )
          Plaintiff,                        )     Case No. _LALA011730_
                                            )
vs.                                         )
                                            )
VEYANCE TECHNOLOGIES, INC.                  )     **JURY DEMAND**
and STACIE BARTON,                          )
                                            )
          Defendants.                       )

COME NOW plaintiff, J. Anna Birch, by her attorneys, McDonald, Woodward & Carlson, P.C., and hereby demands trial by jury of all issues so triable in the above-captioned matter.

McDONALD, WOODWARD & CARLSON, P.C.

By _____
Heather L. Carlson    AT0001332

3432 Jersey Ridge Road
Davenport, Iowa 52807
Telephone:  563/355-6478
Facsimile:  563/355-1354
Email:  hcarlson@mwilawyers.com

ATTORNEYS FOR PLAINTIFF

FILED
2014 JAN 31  AM 9: 54
CLERK OF DISTRICT COURT
HENRY COUNTY, IOWA